IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 14 2012
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § |
| | § No. 5:12-CR-078-C |
| JEFFREY DAVID GUNSELMAN, | § ECF |
| Individually, and d/b/a Absolute Fuels, | § |
| LLC | § |

## PLEA AGREEMENT

Jeffrey David Gunselman, individually, and d/b/a Absolute Fuels, LLC (hereafter, "Gunselman"), defendant, Dan Cogdell, attorney for Gunselman, and the United States of America (the Government), agree as follows:

1. **Rights of the defendant**: Gunselman understands that he has the right:

    a.   to plead not guilty;

    b.   to have a trial by jury;

    c.   to have his guilt proven beyond a reasonable doubt;

    d.   to confront and cross-examine witnesses and to call witnesses in his defense; and

    e.   against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Gunselman waives these rights and pleads guilty to each of the Seventy-Nine Counts alleged in the Indictment, charging:

    a.   Counts One through Fifty-One: *Wire Fraud*, in violation of Title 18, United States Code, Section 1343;

Plea Agreement (Gunselman) - Page 1

    b.    Counts Fifty-Two through Seventy-Five: *Money Laundering*, in violation of Title 18, United States Code, Section 1957; and

    c.    Counts Seventy-Six through Seventy-Nine: *False Statement*, in violation of the *Clean Air Act*, Title 42, United States Code, Section 7413(c)(2)(A).

Gunselman understands the nature and elements of each crime to which he is pleading guilty and agrees that the factual resume which he has signed is true and will be submitted as evidence.

    3.    **Sentence**:   The maximum penalties the Court can impose include:

    a.    For Each of Counts One through Fifty-One: *Wire Fraud*, in violation of Title 18, United States Code, Section 1343:

    i.    a period of imprisonment for not more than twenty (20) years;

    ii.    a fine not to exceed $250,000.00, or twice the pecuniary gain to the defendant or losses to the victim(s) resulting from each offense;

    iii.    a term of supervised release, the initial term of which shall not exceed three (3) years;

    iv.    a mandatory special assessment of $100.00;

    v.    restitution to victims or to the community, which may be mandatory under the law, and which defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offenses of conviction alone;

    vi.    costs of incarceration and supervision; and

    vii.    forfeiture of all property constituting or derived from the proceeds traceable to the wire fraud activity.

    b.    For Each of Counts Fifty-Two through Seventy-Five: *Money Laundering*, in violation of Title 18, United States Code, Section 1957:

        i.    a period of imprisonment for not more than ten (10) years;

        ii.    a fine not to exceed $250,000.00, or twice the pecuniary gain to the defendant or losses to the victim(s) resulting from each offense;

        iii.    a term of supervised release, the initial term of which shall not exceed three (3) years;

        iv.    a mandatory special assessment of $100.00;

        v.    restitution to victims or to the community, which may be mandatory under the law, and which defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offenses of conviction alone;

        vi.    costs of incarceration and supervision; and

        vii.    forfeiture of all property involved in, or traceable to property involved in, the money laundering activity.

    c.    For Each of Counts Seventy-Six through Seventy-Nine: *False Statement, in violation of the Clean Air Act*, Title 42, United States Code, Section 7413(c)(2)(A):

        i.    a period of imprisonment for not more than two (2) years;

        ii.    a fine not to exceed $250,000.00, or twice the pecuniary gain to the defendant or losses to the victim(s) resulting from each offense;

        iii.    a term of supervised release, the initial term of which shall not exceed one (1) year;

        iv.    a mandatory special assessment of $100.00; and

        v.        restitution to victims or to the community, which may be mandatory under the law, and which defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offenses of conviction alone; and

        vi.        costs of incarceration and supervision.

d. **Total Maximum Penalties**:

The total maximum penalties the Court can impose on Gunselman include:

    i.        imprisonment for a period of one thousand two hundred sixty-eight (1,268) years;

    ii.        a fine of $19,750,000.00 or twice the pecuniary gain to the defendant or losses to the victim(s) resulting from each offense;

    iii.        a term of supervised release of not more than three (3) years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned and subject to additional terms of supervised release and imprisonment as determined by the Court in accordance with law;

    iv.        a mandatory special assessment of $7,900.00;

    v.        restitution to victims or to the community, which may be mandatory under the law, and which defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offenses of conviction alone;

    vi.        costs of incarceration and supervision; and

    vii.        forfeiture of property.

4. **Court's sentencing discretion and role of the Guidelines:** Gunselman

understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines and the factors found in 18 U.S.C. § 3553(a). The guidelines are not binding on the Court, but are advisory only. Gunselman has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Gunselman fully understands that he will not be allowed to withdraw his plea of guilty if the applicable advisory guideline range is higher than expected, or if the Court departs from the applicable advisory guideline range, and the sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.   **Relationship between Gunselman and LLCs:**   Gunselman agrees and admits that he established Absolute Fuels, LLC; Absolute Milling, LLC; Ellipse Energy, LLC; 21 Investments, LLC; and YGOG Holdings, LLC; as limited liability companies under the laws of the State of Texas, but Gunselman agrees and admits that Absolute Fuels, LLC; Absolute Milling, LLC; Ellipse Energy, LLC; 21 Investments, LLC; and YGOG Holdings, LLC; are solely *alter egos* of himself, as an individual. Gunselman alone owns, manages, directs, and controls each of the named entities, and each has no separate and distinct existence from him. Each named entity is a single member limited liability company or lacked the corporate formalities required to operate as a limited liability company in the State of Texas; therefore, Gunselman agrees that the corporate veil as to each named entity has been pierced and each entity shall be treated as a sole

proprietorship for which he is legally and factually responsible. Gunselman, as the *alter ego* of each named entity, agrees to forfeit any and all past, present, and future interests in, and of, each named entity and waives any and all factual and legal claims to any property noted as subject to forfeiture (directly or as a substitute asset) in the Indictment and in any bill of particulars, or seized or restrained by law enforcement agents/officers during the investigation(s) related to this criminal cause, including, but not limited to, any and all property and assets held by each named entity.

6. **Stipulation regarding amount of loss**: Gunselman, the defendant's attorney, and the government stipulate that the amount of loss is $41,762,236.87. Notwithstanding this stipulation regarding the loss amount, Gunselman fully understands that he will not be allowed to withdraw his plea of guilty if, after a presentence report has been prepared, the amount of loss is found to be higher than the above-stated amount. Gunselman understands that the above-referenced stipulation is not binding upon the Court or upon the probation office, and he will not be allowed to withdraw his guilty plea should the stipulation not be followed by the Court.

7. **Mandatory special assessment**: Gunselman agrees to pay to the United States District Clerk the amount of $7,900.00, in satisfaction of the mandatory special assessment in this case.

8. **Defendant's agreement**: Gunselman shall give complete and truthful information and/or testimony concerning his participation in the offenses of conviction. Upon demand, Gunselman shall submit a personal financial statement under oath and

submit to interviews by the government and the United States Probation Office regarding his capacity to satisfy any fines or restitution. Gunselman expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court. Gunselman fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Gunselman agrees that such a schedule represents a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing any other means by which to satisfy his full and immediately enforceable financial obligation. Gunselman understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

Additional specific conditions of Gunselman's cooperation include the following:

a. Gunselman shall fully cooperate with the investigation and truthfully disclose all information about his activities and those of others regarding all criminal violations under investigation;

b. Gunselman shall make all personal and corporate documents, records, and other information available to government investigators regarding all criminal violations under investigation;

c. Gunselman will continue to assist in the identification and recovery of all assets to include the time period September 2009 to the present, to ensure the ability of the government to obtain substitute assets, if necessary, to satisfy the loss amount of $41,762,236.87.

9. **Forfeiture of property:** Gunselman agrees to the following:

a. Gunselman agrees to the forfeiture of all property noted as subject to

       forfeiture (directly or as a substitute asset) in the Indictment and in any bills of particulars, or seized or restrained by law enforcement agents/officers during the investigation(s) related to this criminal cause;

b.   Gunselman agrees not to contest, challenge, or appeal in any way the judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the Indictment and in any bills of particulars, or seized or restrained by law enforcement agents/officers during the investigation(s) related to this criminal cause;

c.   Gunselman agrees to consent to the entry of any orders or declarations of forfeiture regarding all such property and waives any requirements (including notice of forfeiture) set out in 18 U.S.C. §§ 981, 983, and 985; 19 U.S.C. §§ 1607-1609; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure;

d.   Gunselman agrees that such property constitutes or was derived from proceeds traceable to the fraud offense(s) to which he is pleading guilty; was involved in or traceable to property involved in the money laundering offense(s) to which he is pleading guilty; and is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1);

e.   Gunselman agrees to provide truthful information and evidence necessary for the government to forfeit such property; and

f.   Gunselman agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

10.   **Government's agreement**: The government will not bring any additional charges against Gunselman based upon the conduct underlying and related to Gunselman's plea of guilty. The government will file a Plea Agreement Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the

Plea Agreement (Gunselman) - Page 8

Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

11. **Violation of agreement**: Gunselman understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute him for all offenses of which it has knowledge. In such event, Gunselman waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Gunselman also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

12. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this Plea Agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

13. **Waiver of right to appeal or otherwise challenge sentence**: Except as otherwise provided, Gunselman hereby expressly waives the right to appeal his conviction and/or sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742, and Gunselman further agrees not to contest his conviction and/or sentence in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. §§ 2241 and 2255. Gunselman, however, reserves the right to appeal

the following: (a) any punishment imposed in excess of the statutory maximum, and (b) any claim based on ineffective assistance of counsel.

14. **Representation of counsel**: Gunselman has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Gunselman has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this plea agreement, and the alternatives available to him other than entering into this plea agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Gunselman has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

15. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 14th day of December, 2012.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
JEFFREY DAVID GUNSELMAN
Defendant, Individually, d/b/a Absolute Fuels LLC

_____
PAULINA M. JACOBO
Assistant United States Attorney
Texas State Bar No. 10516700
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone: 806.472.7351
Facsimile: 806.472.7394
Email:   paulina.jacobo@usdoj.gov

_____  
DAN COGDELL  
Attorney for Gunselman  
Texas State Bar No. 04501500

_____  
JUSTIN CUNNINGHAM  
Assistant United States Attorney  
Texas State Bar No. 24045260  
1205 Texas Avenue, Suite 700  
Lubbock, Texas 79401  
Telephone: 806.472.7351  
Facsimile: 806.472.7394  
Email:   justin.cunningham@usdoj.gov

_____  
DENISE WILLIAMS  
Deputy Criminal Chief  
Texas State Bar No. 02975990

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____   12/14/2012  
JEFFREY DAVID GUNSELMAN          Date  
Defendant, Individually, d/b/a Absolute Fuels, LLC

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____   12/14/2012  
DAN COGDELL                      Date  
Attorney for Gunselman

Plea Agreement (Gunselman) - Page 11