U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 29 2013

CLERK, U.S. DISTRICT COURT
By SWh -10:45am
     Deputy

# United States District Court

**Northern District of Texas**
Lubbock Division

UNITED STATES OF AMERICA

v.

JEFFREY DAVID GUNSELMAN, Individually
and d/b/a ABSOLUTE FUELS, LLC.
    Defendant.

Case Number   5:12-CR-078-01-C
USM No. 01056-380

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, JEFFREY DAVID GUNSELMAN, Individually and d/b/a ABSOLUTE FUELS, LLC., was represented by Dan L. Cogdell.

The defendant pleaded guilty to counts 1 through 79 of the indictment filed on 08/08/2012. Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Dates of Offense | Count Nos. |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | 09/10/10 and 09/14/2010 | 1 |
| | | 09/29/2010 | 2 |
| | | 09/27/2010 | 3 |
| | | 09/29/2010 | 4 |
| | | 10/06/2010 | 5 |
| | | 10/04/2010 | 6 |
| | | 10/08/2010 | 7 |
| | | 10/14/2010 | 8 |
| | | 10/26/2010 | 9 |
| | | 10/30/2010 | 10 |
| | | 10/22/2010 | 11 |
| | | 10/14/2010 | 12 |
| | | 11/04/2010 | 13 |
| | | 11/10/2010 | 14 |
| | | 11/08/2010 | 15 |
| | | 11/16/2010 | 16 |
| | | 11/16/2010 | 17 |
| | | 11/30/2010 | 18 |
| | | 11/30/2010 (2 instances) | 19 |
| | | 11/30/2010 | 20 |
| | | 11/30/2010 | 21 |
| | | 11/30/2010 | 22 |
| | | 11/30/2010 | 23 |
| | | 11/30/2010 | 24 |
| | | 12/15/2010 | 25 |
| | | 12/24/2010 | 26 |
| | | 12/16/2010 | 27 |
| | | 12/30/2010 (3 instances) | 28 |
| | | 01/13/2011 | 29 |
| | | 03/08/2011 | 30 |

| Title & Section | Nature of Offense | Dates of Offense | Count Nos. |
|---|---|---|---|
| *(Continued)* | *(Continued)* | 03/14/2011 | 31 |
| | | 03/24/2011 | 32 |
| | | 03/26/2011 | 33 |
| | | 04/04/2011 | 34 |
| | | 04/08/2011 | 35 |
| | | 04/12/2011 | 36 |
| | | 04/25/2011 | 37 |
| | | 05/10/2011 | 38 |
| | | 05/26/2011 | 39 |
| | | 06/02/2011 | 40 |
| | | 06/10/2011 | 41 |
| | | 06/27/2011 | 42 |
| | | 07/21/2011 | 43 |
| | | 07/28/2011 | 44 |
| | | 08/05/2011 | 45 |
| | | 08/11/2011 | 46 |
| | | 08/25/2011 | 47 |
| | | 09/06/2011 | 48 |
| | | 09/12/2011 | 49 |
| | | 09/27/2011 (2 instances) | 50 |
| | | 10/14/2011 | 51 |
| 18 U.S.C. § 1957 | Money Laundering | 09/20/2010 | 52 |
| | | 09/27/2010 | 53 |
| | | 10/05/2010 | 54 |
| | | 10/07/2010 | 55 |
| | | 10/16/2010 | 56 |
| | | 11/16/2010 | 57 |
| | | 11/18/2010 | 58 |
| | | 11/20/2010 | 59 |
| | | 12/15/2010 | 60 |
| | | 12/20/2010 | 61 |
| | | 03/23/2011 | 62 |
| | | 03/28/2011 | 63 |
| | | 04/13/2011 | 64 |
| | | 04/16/2011 | 65 |
| | | 05/01/2011 | 66 |
| | | 06/16/2011 | 67 |
| | | 06/23/2011 | 68 |
| | | 07/25/2011 | 69 |
| | | 08/30/2011 | 70 |
| | | 09/12/2011 | 71 |
| | | 09/21/2011 | 72 |
| | | 09/20/2011 | 73 |
| | | 10/01/2011 | 74 |
| | | 10/05/2011 | 75 |
| 42 U.S.C. § 7413(c)(2)(A) | False Statement Under the Clean Air Act | 09/02/2010 | 76 |
| | | 02/04/2011 | 77 |
| | | 06/27/2011 | 78 |
| | | 10/14/2011 | 79 |

| Title & Section | Nature of Offense | Dates of Offense | Count Nos. |
|---|---|---|---|

As pronounced on 03/29/2013, the defendant is sentenced as provided in pages 1 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $7,900.00, for counts 1 through 79, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Signed this the ___29th___ day of March, 2013.

DISTRICT JUDGE SAM R. CUMMINGS
UNITED STATES DISTRICT COURT

Defendant: JEFFREY DAVID GUNSELMAN, Individually and d/b/a ABSOLUTE FUELS, LLC.
Case Number: 5:12-CR-078-01-C

Judgment--Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 188 months per count as to Counts 1 through 51; 120 months per count as to Count 52 through 75; and 24 months per count as to Counts 76 through 79, with these terms of imprisonment to run concurrently with each other. Additionally, the sentence imposed in this case shall run consecutive to any sentence that may be imposed in Case No. 2012-434,685, 137th District Court, Lubbock County, Texas.

The defendant shall remain in custody pending service of sentence.

The Court recommends that the defendant be placed at FCI Bastrop, Texas.

## RETURN

I have executed this Judgment as follows:

_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Defendant: JEFFREY DAVID GUNSELMAN, Individually    Judgment--Page 3 of 7
and d/b/a ABSOLUTE FUELS, LLC.
Case Number: 5:12-CR-078-01-C

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years per count as to Counts 1 through 75 and 1 year per count as to Counts 76 through 79 with the terms of supervised release to run concurrently with each other.

The defendant shall report to the Probation Officer in a manner and frequency directed by the Court or Probation Officer.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.
- ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.
- ☒ The defendant shall not possess a firearm, destructive device or any other dangerous weapon.
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer.
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.
- ☐ the defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Fine and Restitution sheet of the judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: JEFFREY DAVID GUNSELMAN, Individually                                    Judgment--Page 4 of 7
and d/b/a ABSOLUTE FUELS, LLC
Case Number: 5:12-CR-078-01-C

## SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1. The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse.

2. The defendant shall participate in mental health treatment services as directed by the probation officer until successfully discharged. These services may include medications prescribed by a licensed physician.

3. The defendant shall not incur new credit charges or open additional lines of credit, either as a principal or cosigner or through any corporate entity, without approval of the probation officer.

4. Upon request, the defendant shall provide to the probation officer complete access to all business and personal financial information.

5. The defendant shall maintain not more than one business and/or one personal checking account, and shall not open, maintain, be a signatory on, or otherwise use any other financial institution account without the prior approval of the probation officer.

6. The defendant shall not enter into any self-employment while under supervision without the prior approval of the probation officer.

7. The defendant shall not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in any business relating to non-renewable fuels, renewable fuels, viofuels, or biodiesel without the approval of the probation officer.

8. The defendant shall abstain from the use of alcohol and all other intoxicants during the term of supervision.

9. The defendant shall forfeit all right, title, and interest in the items listed on pages 6, 6a, and 6b of this judgment and entitled "Forfeitures."

Defendant: JEFFREY DAVID GUNSELMAN, Individually and d/b/a ABSOLUTE FUELS, LLC
Case Number: 5:12-CR-078-01-C

Judgment--Page 4a of 7

10. Pursuant to the Mandatory Victims Restitution Act of 1996, the defendant shall immediately pay restitution in the amount of $54,973,137.50, payable to the U.S. District Clerk, 1205 Texas Avenue, Room 209, Lubbock, TX 79401, for disbursement to:

| Victims | Amounts | Account Name |
|---|---|---|
| BioUrja Trading, LLC<br>1080 Eldridge Parkway, #1175<br>Houston, TX 77079 | $3,782,677.00 | Absolute Fuels RINs Fraud |
| BP Products North America<br>28301 Ferry Road<br>Warrenville, IL 60555 | $340,000.00 | Absolute Fuels RINs Fraud |
| Citgo Petroleum Corporation<br>1293 Eldridge Parkway<br>Houston, TX 77077 | $8,205,500.00 | Absolute Fuels RINs Fraud |
| Conoco Philips Corporation<br>600 North Dairy Ashford<br>Houston, TX 77079 | $2,500,000.00 | Absolute Fuels RINs Fraud |
| Delek Refining, Ltd.<br>7102 Commerce Way<br>Brentwood, TN 37027 | $715,000.00 | Absolute Fuels RINs Fraud |
| G.P. & W., Inc., d/b/a Center Oil, Co.<br>5840 Oakland Avenue<br>St. Louis, MO 63110 | $6,786,250.00 | Absolute Fuels RINs Fraud |
| Houston Refining, LP<br>P.O. Box 2451<br>Houston, TX 77252-2451 | $1,080,000.00 | Absolute Fuels RINs Fraud |
| Kolmar Americas, Inc.<br>10 Middle Street, Penthouse<br>Bridgeport, CT 06604 | $308,000.00 | Absolute Fuels RINs Fraud-Feb/13 |
| Marathon Petroleum Company, L.P.<br>Attn: Laurie George, Biofuels Trading & Scheduling Manager<br>539 South Main Street<br>Findlay, OH 45840 | $6,960,491.44 | SD&P Absolute Fuels RINs |
| Musket Corporation<br>10601 North Pennsylvania Avenue<br>Oklahoma City, OK 73120 | $560,000.00 | Absolute Fuels RINs Fraud |

Defendant: JEFFREY DAVID GUNSELMAN, Individually  
and d/b/a ABSOLUTE FUELS, LLC  
Case Number: 5:12-CR-078-01-C

Judgment--Page 4b of 7

| | | |
|---|---|---|
| National Co-op Refinery Association<br>2000 South Main<br>McPherson, KS 67460 | $675,000.00 | Absolute Fuels RINs Fraud |
| Petro-Diamond, Inc.<br>c/o Robert Begland & Viral Mehta<br>11355 West Olympic Boulevard<br>Los Angeles, CA 90064 | $6,805,900.96 | 400-326469-Petro Diamond, Inc. |
| Sunoco, Inc.<br>1735 Market Street<br>Philadelphia, PA 19103 | $2,650,000.00 | Absolute Fuels RINs Fraud |
| Tesoro Refining & Marketing Co.<br>19100 Ridgewood Parkway<br>San Antonio, TX 78259 | $13,204,318.10 | Absolute Fuels RINs Fraud |
| Total Petrochemicals USA, Inc.<br>1201 Louisiana Street<br>Houston, TX 77267 | $400,000.00 | Absolute Fuels RINs Fraud |
| **TOTAL** | **$54,973,137.50** | |

If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $500.00 per month until the restitution is paid in full. It is ordered that this restitution be offset by funds already seized and in the hands of the Government, as well as any additional funds garnered by the Government from loan payments, sale of items, and any other cash flows. Further, it is ordered that interest on the unpaid balance is waived pursuant to 18 USC § 3612(f)(3).

Defendant: JEFFREY DAVID GUNSELMAN, Individually and d/b/a ABSOLUTE FUELS, LLC.
Case Number: 5:12-CR-078-01-C

Judgment--Page 5 of 7

# RESTITUTION

Pursuant to the Mandatory Victims Restitution Act of 1996, the defendant shall immediately pay restitution in the amount of $54,973,137.50, payable to the U.S. District Clerk, 1205 Texas Avenue, Room 209, Lubbock, TX 79401, for disbursement to:

**Name of Payee**

| Victims | Amounts | Account Name |
|---|---|---|
| BioUrja Trading, LLC<br>1080 Eldridge Parkway, #1175<br>Houston, TX 77079 | $3,782,677.00 | Absolute Fuels RINs Fraud |
| BP Products North America<br>28301 Ferry Road<br>Warrenville, IL 60555 | $340,000.00 | Absolute Fuels RINs Fraud |
| Citgo Petroleum Corporation<br>1293 Eldridge Parkway<br>Houston, TX 77077 | $8,205,500.00 | Absolute Fuels RINs Fraud |
| Conoco Philips Corporation<br>600 North Dairy Ashford<br>Houston, TX 77079 | $2,500,000.00 | Absolute Fuels RINs Fraud |
| Delek Refining, Ltd.<br>7102 Commerce Way<br>Brentwood, TN 37027 | $715,000.00 | Absolute Fuels RINs Fraud |
| G.P. & W., Inc., d/b/a Center Oil, Co.<br>5840 Oakland Avenue<br>St. Louis, MO 63110 | $6,786,250.00 | Absolute Fuels RINs Fraud |
| Houston Refining, LP<br>P.O. Box 2451<br>Houston, TX 77252-2451 | $1,080,000.00 | Absolute Fuels RINs Fraud |
| Kolmar Americas, Inc.<br>10 Middle Street, Penthouse<br>Bridgeport, CT 06604 | $308,000.00 | Absolute Fuels RINs Fraud-Feb/13 |

Defendant: JEFFREY DAVID GUNSELMAN, Individually
and d/b/a ABSOLUTE FUELS, LLC.
Case Number: 5:12-CR-078-01-C

Judgment--Page 5a of 7

| Victims | Amounts | Account Name |
|---|---|---|
| Marathon Petroleum Company, L.P.<br>Attn: Laurie George, Biofuels Trading & Scheduling Manager<br>539 South Main Street<br>Findlay, OH 45840 | $6,960,491.44 | SD&P Absolute Fuels RINs |
| Musket Corporation<br>10601 North Pennsylvania Avenue<br>Oklahoma City, OK 73120 | $560,000.00 | Absolute Fuels RINs Fraud |
| National Co-op Refinery Association<br>2000 South Main<br>McPherson, KS 67460 | $675,000.00 | Absolute Fuels RINs Fraud |
| Petro-Diamond, Inc.<br>c/o Robert Begland & Viral Mehta<br>11355 West Olympic Boulevard<br>Los Angeles, CA 90064 | $6,805,900.96 | 400-326469-Petro Diamond, Inc. |
| Sunoco, Inc.<br>1735 Market Street<br>Philadelphia, PA 19103 | $2,650,000.00 | Absolute Fuels RINs Fraud |
| Tesoro Refining & Marketing Co.<br>19100 Ridgewood Parkway<br>San Antonio, TX 78259 | $13,204,318.10 | Absolute Fuels RINs Fraud |
| Total Petrochemicals USA, Inc.<br>1201 Louisiana Street<br>Houston, TX 77267 | $400,000.00 | Absolute Fuels RINs Fraud |

If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $500.00 per month until the restitution is paid in full. It is ordered that this restitution be offset by funds already seized and in the hands of the Government, as well as any additional funds garnered by the Government from loan payments, sale of items, and any other cash flows.

Defendant: JEFFREY DAVID GUNSELMAN, Individually
and d/b/a ABSOLUTE FUELS, LLC.
Case Number: 5:12-CR-078-01-C

Judgment--Page 6 of 7

# FORFEITURES

Pursuant to 18 U.S.C. § 981(a)(1)(C) in combination with 28 U.S.C. § 2461(c), the defendant forfeits $41,762,236.87 to the Government and is ordered to pay that amount in the form of a money judgment to the Government. Pursuant to 18 U.S.C. § 981(a)(1)(C) in combination with 28 U.S.C.§ 2461(c), 28 U.S.C. § 982(a)(1), and/or 21 U.S.C. §853(p), the defendant forfeits to the Government the items of property listed as Nos. 2 through 111 in the Preliminary Order of Forfeiture.

Funds from AimBank Account # XX3134

Funds from AimBank Account # XX2816

Funds from AimBank Account # XX7886

Funds from AimBank Account # XX7916

Funds from AimBank Account # XX8921

Funds from AimBank Account # XX7712

Funds from AimBank Account # XX7747

Funds from AimBank Account # XX7941

Funds from AimBank Account # XX9391

Funds from City Bank Account # XXXX0365

Funds from City Bank Account # XXXX9753

Funds from City Bank Account # XXXX4958

Funds from City Bank Account # XXXX5154

Funds from City Bank Account # XXXX6357

Funds from PlainsCapital Bank Account # XXXXXX7551

Funds from PlainsCapital Bank Account # XXXX4602

Funds from Citibank Account # XXXXXX4825

Funds from Etrade Account # XXXXX7686

Funds from UBS Financial Services Account # XXX7564

Funds from UBS Financial Services Account # XXX7565

Funds from UBS Financial Services Account # XXX9988 / Account # XXXX1357

Funds from UBS Financial Services Account # XXX0002 / Account # XXXX1392

Funds received pursuant to an Interlocutory Agreement from Sales to Northern Agriculture in the amount of $5,969,537.00

Funds received pursuant to an agreement with Richard and Sharon Gunselman, to return the amount of $130,000, said funds received from Jeffrey Gunselman on October 1, 2011, for the purchase of real property, located at 3408 88th Street, Lubbock, TX, said property sold by 21 Investments LLC

Funds received pursuant to an Interlocutory Agreement from Sales to Western Refining Company, L.P. in the amount of $1,289,778.70

Commission Check No. 30771, in the amount of $53,000, from Independence Title Company, payable to Absolute Commercial Realty, for the sale of the property located at 11411 Cat Springs, Boerne, TX

Funds received pursuant to an Interlocutory Agreement from Sales to Commodities Specialist Company in the amount of $1,387,202.03

Funds received pursuant to an Interlocutory Agreement from Sales to Cargill Incorporated in the amount of $100,467.05

Funds received pursuant to an agreement with Arthur J. Gallagher Risk Management Services to return premiums paid due to cancellation of services for Absolute Fuels LLC and associated business entities in the amount of $21,169.18

Genuine currency in the amount of $34,907.92, recovered during the search of the residence located at 8106 Toledo Avenue, Lubbock, TX, and the 2010 Mercedes Benz S65 AMG

Residence, 8106 Toledo Avenue, Lubbock, TX

Business Property, 2517 74th Street, Lubbock, TX

Defendant: JEFFREY DAVID GUNSELMAN, Individually and d/b/a ABSOLUTE FUELS, LLC.
Case Number: 5:12-CR-078-01-C

Judgment--Page 6a of 7

## FORFEITURES *(continued)*

Agricultural Land, Blk JS Sec 28 AB 908, S/2 Less SE/C AC: 307.878; Lubbock County, TX

Business Property, 4403 Clovis Road, Lubbock, TX, including any and all appurtenances and items related to this property

Absolute Milling Plant, 1345 FM 168, Nazareth, TX, including any and all appurtenances and items related to this property

Agricultural Land, Blk AK Sec 40 AB 848 SQ/4 ACS: 158.332; Lubbock County, TX

Ellipse Energy Plant, 1130 CR-239, Gonzales, TX, including any and all appurtenances and items related to this property

Residence, 3408 88th Street, Lubbock, TX

Residence, 11411 Cat Springs, Boerne, TX

1995 Peterbilt Tank Truck, VIN 1XPFL69X3SD376299

2011 Ford F250 Super Duty Truck, VIN 1FT7W2BT7BEA35253

1972 Chevrolet Chevelle, VIN 1D37F2B681366

1999 Chevrolet G3500 Van, VIN 1GCHG35R8X1133200

2006 Ford F250 Super Duty Truck, VIN 1FTSW21P66ED39517

2008 Kubota L2800 Tractor

2010 Mercedes Benz S65 AMG, VIN WDDNG7KBXAA345501

2010 Lexus RX450H, VIN JTJZB1BA3A2403387

2011 Toyota Sequoia, VIN 5TDDW5G11BS045265

1984 Gulfstream Aerospace G-1159A, Series G3, Tail # N431JG

2006 Ford F250 Super Duty Truck, VIN 1FTSX21P66EB28637

2011 Bentley Continental SuperSport, VIN SCBCU7ZA2BC067564

2010 Shelby Cobra 427 S/C, Plate ID CSX4943

2011 Cadillac Escalade, VIN 1GYS4DEF1BR378760

1982 M60A1 Patton Military Tank, Demilitarized serial 10905434

Trailer Mounted Quad-50 Anti-Aircraft Machine Gun, Demilitarized

9 ABC-M9-7 Portable Flame Thrower

Two (2) 1945 Firestone M5 60mm Mortars and practice rounds

Hitachi HDD 3T hard drive

Two (2) Linksys E3000 Routers

Compaq 100B Fusion Desktop

Toshiba Satellite Notebook laptop

Two (2) Brother MFC Laser Multi-function printers

Signed Spurs Robinson Jersey # 50

Signed Spurs Elliot Jersey # 32

Signed Spurs Gervin Jersey # 44

Signed Clippers Griffin Jersey # 32

Signed Heat James Jersey # 6

Signed 2009 Dallas Cowboys Football

Signed Spurs Popovich and Duncan NBA Banner

Signed Spurs Quinn Poster

Signed Hill Photo

Signed Spurs Parker Jersey # 9

CARO 74 Round 14Kt bridal ring set

J Keith's 14W 4 CTW Diamond Necklace

Defendant: JEFFREY DAVID GUNSELMAN, Individually and d/b/a ABSOLUTE FUELS, LLC.
Case Number: 5:12-CR-078-01-C

Judgment--Page 6b of 7

## FORFEITURES *(continued)*

Tag Heuer Carrera watch

Rolex Oyster Perpetual Date Just watch

Ladies' Tag Heuer Link watch

Bulova Automatic watch

Men's Tag Heuer Link watch

Tommy Bahama watch

Citizen Eco-Drive watch

Kenneth Cole New York watch

Tiffany Platinum necklace with accent diamonds

Swarovski Havana Jet Cufflinks

Custom Black Onyx Cufflinks

Electric watch case

Munchen Swiss Clock

Christian Louboutin Bianca pumps

Coach Scarf, teal, white, and gray/blue

Hermes Scarf, L'ivresse De L'infini

Hermes Scarf, dog prints

Hermes Scarf, green multi-colored

Chanel Black Purse, No. 14650707

Coach Black Purse, No. D1049-15760

Coach Black Purse, No. G0917-F13548

Coach Blue Purse, No. D1069-F15075

Coach Ivory Purse, No. L1093-16504

Coach Logo Purse, No. F0993-F14281

Gerard Darel Purse, Code 3593, blue

Samsung 55" 3D LED Television

Ipad with cover

Milling equipment located at the Ocho Gin, 1760 CR 306, Seminole, TX 79360, belonging to Absolute Milling LLC, and described as follows:

- -1983 Model Bess Press Bailer
- -Carver Lint Cleaner
- -Carver Delinter
- -Carver Truline Gummer
- -Carver Seed Cleaner
- -Extruder
- -Landers Pellet Mill & Cooler
- -Hammer Mill
- -Expeller Presses
- -Bucket Elevators
- Ancillary Equipment

Milling Equipment located at Mike Spann Construction; 14303 N. I-27, Lubbock, TX, belonging to Absolute Milling LLC, and described as follows:

- -150 hp Chinese Expellers
- -Heating Kettles
- -Ancillary Equipment

Defendant: JEFFREY DAVID GUNSELMAN, Individually
and d/b/a ABSOLUTE FUELS, LLC.
Case Number: 5:12-CR-078-01-C

Judgment--Page 7 of 7

## FINE

The defendant shall immediately pay a fine to the United States in the amount of $175,000.00, payable to the U.S. District Clerk, 1205 Texas Avenue, Room 209, Lubbock, TX 79401.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.